## HACK *v.* STANDARD ACCIDENT INSURANCE COMPANY.

INSURANCE—ACCIDENT—JUDGMENT.

A final judgment for defendant corporation against a plaintiff, absolving the corporation as well as its officers, directors and stockholders, while acting within the scope of their duties as such, from liability to the plaintiff therein, secured in a suit defended by the corporation's insurer under an accident policy, effected a compliance by the insurer with its undertaking, notwithstanding the officers and directors, as partners in another firm, were held individually liable at the suit of such plaintiff.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 8, 1958. (Docket No. 23, Calendar No. 47,590.) Decided March 5, 1958.

Assumpsit by Leonard Hack, Morton Hack and Nathan Hack, individually and as copartners doing

---

REFERENCES FOR POINTS IN HEADNOTES
29 Am Jur, Insurance § 1075 *et seq.*

business as Hack Investment Company, and Hack Shoe Company, a Michigan corporation, against Standard Accident Insurance Company, an insurance corporation, for reimbursement under terms of a comprehensive liability policy. Directed verdict and judgment for defendant on pleadings and opening statement. Plaintiffs appeal. Affirmed.

*Robbins, Wechsler & Lebenbom* (*Arthur L. Robbins*, of counsel), for plaintiffs.

*Crawford, Sweeny, Dodd & Kerr*, for defendant.

BLACK, J. Plaintiffs declare on a policy of liability insurance issued by defendant Standard Accident Insurance Company to Hack Shoe Company, the latter being a Michigan corporation. The policy contains the following provisions of present interest:

1. The defendant agreed with the insured:

"to pay in behalf of the insured all sums which the insured shall be legally obligated to pay as damages, because of injury to or destruction of property, including the loss thereof, caused by accident."

2. The parties agreed that the word "insured," employed in the policy, would mean:

"the unqualified word 'insured' includes the named insured and also includes (1) under coverages A and C, any partner, executive officer, director or stockholder thereof, while acting within the scope of his duties as such."

One Evelyn Livingston Smith sued the present plaintiffs (Leonard Hack, Morton Hack and Nathan Hack, individually and as copartners doing business as Hack Investment Company, and the said corporation, Hack Shoe Company), together with Honey Homes, Inc., and Concrete Wall Company, a Michigan corporation (and other defendants), for damages

resulting from negligence causing her building to collapse. For further details having to do with Miss Smith's action, see *Hack* v. *Concrete Wall Co.*, 350 Mich 118. Standard Accident, defendant here, duly appeared in the suit and took charge of the defense so far as its named insured (Hack Shoe Company) was concerned. Standard Accident succeeded, unlike certain other defendants in the suit, in obtaining judgment for Hack Shoe Company on verdict directed against Miss Smith. The judgment against Miss Smith, in favor of Hack Shoe Company, became final.

Now, and by the present suit against Standard Accident, plaintiffs Hack, copartners doing business under the name of Hack Investment Company, insist that the protection of the mentioned policy inured to their benefit, they having been held with other defendants to payment of the judgment as entered in favor of Miss Smith. They say that Standard Accident by force of the quoted policy provisions should be held to reimburse them (within policy limits) for the amount they were compelled to pay toward retirement of Miss Smith's judgment against them.

At opening of trial of the present suit defendant Standard Accident moved for judgment on the pleadings and opening statement of counsel. Standard Accident's counsel insisted that the judgment in the Smith case (in favor of Hack Shoe Company) constituted a final judicial determination that it, Standard Accident, had duly performed and fulfilled its obligation under the mentioned policy. Counsel pointed to the policy and asserted that Standard Accident at no time agreed or stipulated to provide liability insurance for the Hacks, individually or as copartners doing business as the Hack Investment Company. Their motion was granted and judgment

was thereupon entered for defendant Standard Accident. Plaintiffs appeal.

The trial judge stated his reasons for entry of judgment in favor of defendant Standard Accident as follows:

*"The Court:* I am of the opinion from the admitted facts that there is no liability against the defendant in this case. It would be a waste of the court's time and of counsel's time to take the testimony, because the testimony in the other case clearly showed that the Hack Shoe Company had nothing whatever to do with the excavating or the building of the store. The judgment was rendered against the Hack Investment Company, a copartnership, and under the law each member of the copartnership is liable individually. No judgment was ever rendered against the Hacks in their capacity as officers or agents or directors of the Hack Shoe Company."

We agree with the reasoning of the trial judge. Standard Accident duly and successfully defended the suit of Miss Smith as against its named insured. The judgment entered in favor of Hack Shoe Company and against Miss Smith legally absolved that corporation as well as its officers, directors and stockholders, "while acting within the scope of his (their) duties as such," from liability to Miss Smith. Standard Accident thus made good its undertaking with the named "insured" and those who, by the specific policy provision, were entitled to protection along with the insured corporation. Accordingly, and since Hack Shoe Company and those included as "insured" with Hack Shoe Company have not been injured by Miss Smith's suit, the judgment for defendant on these pleadings was right in law.

Affirmed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.